[Cite as *O'Donnell v. Inkton*, 2026-Ohio-3030.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JENNIFER O'DONNELL, JUDGE,      :

    Respondent,      :      No. 116536

    v.      :

DEONDRE INKTON,      :

    Relator.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**DATED:**    August 5, 2026

---

Writ of Procedendo
Motion No. 596556
Order No. 597562

---

### *Appearances:*

Deondre Inkton, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Bridget E. Dever, Assistant Prosecuting Attorney, *for respondent.*

SEAN C. GALLAGHER, J.:

{¶ 1} Relator Deondre Inkton, pro se, seeks a writ of procedendo ordering respondent Judge Jennifer O'Donnell to rule on several pending motions relator has filed in two underlying criminal cases, *State v. Deondre Inkton*, Cuyahoga C.P.

No. CR-24-696950-A, and *State v. Deondre Inkton*, Cuyahoga C.P. No. CR-24-689322-A.

{¶ 2} For the reasons that follow, relator's request for relief is moot, and respondent's motion to dismiss is granted.

## I.      Factual and Procedural Background[1]

{¶ 3} In 2025, Inkton pled guilty to counts of trafficking in persons, promoting prostitution, sexual battery, money laundering, and possessing criminal tools and was sentenced to an aggregate sentence of 30 to 37½ years.  Inkton filed a direct appeal, and on February 5, 2026, this court affirmed his convictions.  *State v. Inkton*, 2026-Ohio-347 (8th Dist.).

{¶ 4} On May 26, 2026, relator filed the instant petition for a writ of procedendo, requesting an order directing respondent to issue rulings on the following motions he had filed in *State v. Deondre Inkton*, Cuyahoga C.P. No. CR-24-696950-A:

---

[1] The discussion of the facts and procedural background in this opinion includes information obtained from review of the publicly available, online dockets in the underlying cases.  *See State ex rel. Fischer Asset Mgt., LLC v. Scott*, 2023-Ohio-3891, ¶ 3, fn. 1 (8th Dist.) (observing, in original action, that "[t]his court is permitted to take judicial notice of court filings that are readily accessible from the internet"); *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110, ¶ 2, fn. 1 (8th Dist.) (setting forth procedural history relevant to mandamus action based on review of "publicly available dockets"), citing *Cornelison v. Russo*, 2018-Ohio-3574, ¶ 8, fn. 2 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8; *see also Manning v. Gallagher*, 2025-Ohio-2781, ¶ 2, fn. 1 (8th Dist.).  Further, an event that causes a case to become moot may be proved by extrinsic evidence outside the record.  *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000) (appellate court may take judicial notice that a writ action is moot).  Judicial notice may also be taken of such matters in writ actions without converting a motion to dismiss into a motion for summary judgment.  *Id.*; *State ex rel. Annayan v. Gall*, 2026-Ohio-2330, ¶ 2, fn. 1 (8th Dist.).

1.  Motion to preserve communication as evidence (filed on October 3, 2025, and October 7, 2025);

2.  Motion to withdraw guilty plea pursuant to Crim.R. 32.1 (filed on October 7, 2025);

3.  Amended motion to withdraw guilty plea pursuant to Crim.R. 32.1 (filed on October 20, 2025);

4.  Motion to recuse judge from further proceedings (filed on January 16, 2026);

5.  Motion for prompt ruling/request to schedule hearing and issue a reasoned entry on amended motion to withdraw guilty plea pursuant to Crim.R. 32.1 (filed on February 24, 2026); and

6.  Unidentified "additional pending motions filed in the underlying case."

{¶ 5} He also sought a writ of procedendo directing respondent to issue a ruling on a motion for remission of forfeited bail (filed on October 21, 2025) in *State v. Deondre Inkton*, Cuyahoga C.P. No. CR-24-689322-A. In support of his petition, Inkton submitted an affidavit, in which he attested to the truth of the matters asserted in his petition, and printouts of portions of the dockets of the underlying cases relating to the motions at issue.

{¶ 6} Several of the motions at issue were filed prior to Inkton's direct appeal in Cuyahoga C.P. No. CR-24-696950-A and were held in abeyance during the pendency of the appeal. In addition, in or around December 2025, Inkton filed affidavits for disqualification with the Ohio Supreme Court, seeking to preclude respondent from presiding over any further proceedings in Cuyahoga C.P. No. CR-24-696950-A. Pursuant to R.C. 2701.03(D)(1) (subject to exceptions not applicable here), the filing of the affidavit deprived respondent of authority to preside in the

proceedings until the chief justice of the Ohio Supreme Court, or another justice designated by the chief justice, ruled on the affidavit of disqualification.

{¶ 7} Inkton alleges that because "[t]he direct appeal concluded three months ago," "[t]he State has already responded," "[r]elator has separately requested a prompt ruling," and "[n]o decision or explanation has been issued," respondent "has allowed the case to languish despite full briefing," constituting an "unreasonable" and "unnecessary" delay.

{¶ 8} On June 23, 2026, respondent filed a motion to dismiss Inkton's petition pursuant to Civ.R. 12(B)(6) on the grounds that the petition failed to state a claim for which relief could be granted because (1) the petition was "procedurally defective," (2) Inkton could not show that respondent had refused to render a judgment or had unnecessarily delayed proceeding to judgment, and (3) the petition was moot because respondent had ruled on all of the motions at issue on June 11, 2026.

{¶ 9} Inkton has not filed a timely opposition to respondent's motion to dismiss and, therefore, has not disputed respondent's claim that the petition is moot based on the June 11, 2026 journal entries.

## II. Law and Analysis

### A. Standard of Review on a Motion to Dismiss

{¶ 10} Dismissal of an action seeking a writ of procedendo for failure to state a claim upon which relief can be granted is appropriate if, after presuming all factual allegations in the complaint as true and drawing all reasonable inferences in the

relator's favor, it appears beyond doubt that the relator can prove no set of facts entitling him to the relief requested. *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2025-Ohio-2927, ¶ 8; *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 12. "While we must accept factual assertions as true, 'unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss.'" *State ex rel. Gordon* at ¶ 8, quoting *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12; *see also State ex rel. Sands v. Court of Common Pleas Judge*, 2018-Ohio-4245, ¶ 8 ("'[U]nsupported conclusions of a complaint . . . are not sufficient to withstand a motion to dismiss.'"), quoting *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).

## B. Requirements for Issuing a Writ of Procedendo

{¶ 11} "'A writ of procedendo is an extraordinary remedy in the form of an order from a higher tribunal directing a lower tribunal to proceed to judgment.'" *State ex rel. Bechtel v. Cornachio*, 2021-Ohio-1121, ¶ 7, quoting *State ex rel. Mignella v. Indus. Comm.*, 2019-Ohio-463, ¶ 7. "'A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment.'" *State ex rel. Dodson v. Phipps*, 2024-Ohio-4928, ¶ 13, quoting *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 7. Such a writ does not instruct the lower court as to what the judgment should be; it merely instructs the lower court to issue a judgment. *State ex rel. Bechtel* at ¶ 7. A writ of procedendo is appropriate upon a showing of a clear legal right to require the respondent to proceed, a clear legal duty

on the part of the respondent to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Dodson* at ¶ 13; *State ex rel. Bechtel* at ¶ 7.

{¶ 12} "Procedendo will not compel the performance of a duty that has already been performed." *State ex rel. Bechtel* at ¶ 9, citing *State ex rel. Roberts v. Marsh*, 2020-Ohio-1540, ¶ 6. Where a relator seeks to compel an action that has already been performed, the procedendo claim is moot. *See, e.g., State ex rel. Bechtel* at ¶ 8-9.

### C. Relator's Petition for a Writ of Procedendo

{¶ 13} Presuming the truth of all material factual allegations of Inkton's petition and making all reasonable inferences in his favor, it appears beyond doubt that he is not entitled to the writ of procedendo he seeks. Inkton cannot show that he has a clear legal right to the relief he demands from respondent or that respondent has a clear legal duty to grant any such relief.

{¶ 14} Procedendo will not issue to compel a ruling with regard to motions that have already been ruled upon. *See, e.g., State ex rel. Williams v. Croce*, 2018-Ohio-2703, ¶ 7-9; *State ex rel. Meros v. Shaughnessy*, 2024-Ohio-6199, ¶ 7 (8th Dist.); *see also State ex rel. Roberts v. Hatheway*, 2021-Ohio-4097, ¶ 5 ("An action in procedendo becomes moot when the court performs the duty requested."). Review of the dockets in the underlying cases shows that on June 11, 2026, respondent ruled on all of the motions specifically identified in Inkton's petition.[2]

---

[2] With respect to Inkton's request for rulings on other "additional," unidentified "pending motions filed in the underlying case," although it is not the duty of this court to scour the docket of the underlying cases to determine whether any other motions are

{¶ 15} Given that Inkton has received rulings on his motions, he has already received all the relief to which he could be entitled on his procedendo claim. *State ex rel. S.Y.C.*, 2024-Ohio-1387, at ¶ 14-16; *State ex rel. Dodson*, 2024-Ohio-4928, at ¶ 11-14.

{¶ 16} Accordingly, Inkton's petition is moot, fails to state a claim for a writ of procedendo, and is subject to dismissal.

{¶ 17} Further, Inkton's petition is subject to dismissal based on his failure to pay the filing fee and cost deposit or to submit an affidavit of waiver and affidavit of indigency that complies with R.C. 2969.25(C). *See* Loc.App.R. 45(C); R.C. 2969.25(C). Inkton's petition is also procedurally deficient because it was improperly captioned as "Jennifer O'Donnell, Judge, Respondent v. Deondre Inkton, Relator," and failed to include mailing addresses in the caption for service of process as required under Civ.R. 10(A).

{¶ 18} We, therefore, grant respondent's motion to dismiss. Costs assessed against relator; costs waived. The clerk is directed to serve on all parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

---

pending, it does not appear that any other motions pending at the time Inkton filed his petition have not been ruled upon.

{¶ 19} Petition dismissed.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
TIMOTHY W. CLARY, J., CONCUR